**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

————————————

No. 00-60711

(Summary Calendar)

————————————

PAMELA GAUTHREAUX,

Plaintiff - Appellant,

versus

HANCOCK COUNTY WATER AND SEWER
DEPARTMENT; SID DAVIS, Officer; HERMAN
JOHNSON; RICHARD KLIMKIEWICZ;
HANCOCK COUNTY, MISSISSIPPI,

Defendants - Appellees.

Appeal from the United States District Court
For the Southern District of Mississippi
Civ. A. No. 1:99CV319BrR

April 12, 2001

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

Pamela Gauthreaux appeals the district court's dismissal of her Title VII and related state law

——————————

[*]     Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claims for lack of subject matter jurisdiction. The district court held that Gauthreaux's suit against her employer, the Hancock County Water and Sewer District ("the District"), along with three of the county commissioners in their individual capacity, was improper because Title VII excludes employers with fewer than 15 employees from coverage,[1] and the District undisputedly has fewer than 15 employees. We affirm.

Gauthreaux asserts that the district court erroneously overlooked her amended complaint naming Hancock County ("the County") as an additional defendant—a correction that she contends cures the jurisdictional defect. It is uncontested that the County has more than 15 employees. The County, however, is a separate legal entity from the District, and as such cannot be sued on the basis of an agency relationship with the District. *See York Chrysler-Plymouth, Inc. v. Chrysler Credit Corp.*, 447 F.2d 786, 791 (5th Cir. 1971). The District is incorporated under Mississippi Code § 19-5-151, is a public corporation pursuant to § 19-5-165, and is invested with generic powers through § 19-5-167(1):

> The powers of each district shall be vested in and exercised by a board of commissioners consisting of five (5) members to be appointed by the board of supervisors. . . . Notwithstanding the appointive authority herein granted to the board of supervisors, its legal and actual responsibilities, authority and function, subsequent to the creation of any such district, shall be specifically limited to such appointive function and responsibilities outlined in Sections 19-5-179, 19-5-189, and 19-5-191. The operation, management, abolition or dissolution of such district, and all other matters in connection therewith, shall be vested solely and only on the board of commissioners to the specific exclusion of the board of supervisors.

The District is also endowed with the specific powers enumerated in § 19-5-177, including the power

---

[1] 42 U.S.C. § 2000e-2(b) defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person . . . ."

to sue and be sued, and the power to make and enter contracts.

Gauthreaux responds that, notwithstanding these statutory provisions, the County remains responsible for the District "by and through its Board of Supervisors."[2] We disagree. The Mississippi Code provisions cited above clearly establish the District as a distinct legal entity. The control of the County Board of Supervisors is explicitly limited to the four powers enumerated in § 19-5-167(1), excerpted above—appointive functions, exercise of the power of eminent domain (§ 19-5-179), the levy of taxes (§ 19-5-189), and charges against improved property (§ 19-5-191).

Because we conclude that the County and the District are separate legal entities, the addition of the County in Gauthreaux's amended complaint cannot cure the jurisdictional defect, and the suit was properly dismissed.

AFFIRMED.

---

[2] Gauthreaux points to the fact that the District may be served with process through the President of the County Board of Supervisors as indicative of an agency relationship between the two entities. Gauthreaux provides no authority, however, and we have found none, supporting the proposition that receipt of service is dispositive of the issue. Further, Gauthreaux's contention is belied by the fact that the record reflects that the only individuals served in this case were the three named defendants—Sid Davis, Herman Johnson, and Richard Klimkiewicz—along with the President of the Board of Commissioners for the District, Alfred Smith. The President of the County Board of Supervisors was not served at any point in the proceedings below.